IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MARK ALLEN DEAL

      Plaintiff,

v.                                                  CIVIL ACTION NO. 3:07-235

MICHAEL ASTRUE,
Commissioner of Social Security,

      Defendant.

**ORDER**

This action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings of Fact and recommended that Plaintiff's motion for judgment on the pleadings be denied, that the like motion of Defendant be granted, and the decision of the Commissioner be affirmed. Plaintiff now objects to the Findings and Recommendations.

In his objections, Plaintiff first argues that the Magistrate Judge improperly interpreted the evidence by placing a strong emphasis on the fact that Dr. Wagner did not make many notes and that Plaintiff did not seek specialized treatment – both of which should not be held against Plaintiff. In reviewing the record de novo, the Court finds that although the Magistrate Judge does refer to Dr. Wagner's limited notes in the medical record, this was not the basis for the recommendation. In the record, there are descriptions of Plaintiff's medical diagnoses as well as the activities that Plaintiff participates in on a regular basis, despite these limitations.

In his February 14, 2005 assessment, Dr. Wagner appears to have diagnosed Plaintiff with anxiety, psoriasis, right knee pain, and something with the right elbow. He did not describe the basis for these conclusions, but the Court accepts these diagnoses.

Lisa C. Tate, M.A. provided a psychological evaluation in which she indicated that Plaintiff walked with normal gait, maintained a normal posture, had good use of all limbs, and had no apparent vision or hearing problems. She stated that he has a panic disorder without agoraphobia and that his social functioning was normal during the evaluation. Plaintiff reported to her that he reads the newspaper, cooks on the stove, does laundry, cuts firewood, and goes to the grocery store independently.

Dr. Tamara Aman at the Carl Johnson Medical Center diagnosed, treated and followed-up with Plaintiff's various ailments. Between August 2005 and June 2006, Dr. Aman observed high blood pressure, anxiety, difficulty sleeping, hypertension, psoriasis, paresthesia in the right fourth and fifth fingers, carpal tunnel syndrome, osteoarthritis, enlarged prostate, nasal edema, allergic rhinitis, and benign prostate hypertrophy. Each visit with Dr. Aman described anxiety or hypertension. Dr. Aman provided prescriptions to treat Plaintiff's anxiety, hypertension, and psoriasis.

In his application and testimony, Plaintiff described his disability as being caused by panic attacks, his nerves, weakness in one knee, and periods of numbness in his hands and legs. Because of these limitations, he stopped working in 1981. His application stated that he cared for his father during the day, went outside to get firewood, and had two dogs. Since the time of his application, his father passed away, however, so he no longer cares for him during the day.

Plaintiff's application stated that he prepares food for himself, sweeps the floors, does a few dishes, and mows the lawn sometimes in the summer. He stated that he can drive and is able to go out alone. He also stated that he does not sleep well and does not work well with authority figures because they make him nervous and he does not like anyone telling him what to do. In his testimony before the ALJ, Plaintiff indicated that the medications he takes for his nerves helps him. He testified that he can stand for twenty minutes, that he has no difficulties using his hands, that he can lift twenty-five to thirty pounds, but that he cannot climb.

In addition to acknowledging his ability to complete the activities mentioned, a vocational expert, Gina Baldwin, testified that, based upon Plaintiff's age, education, work experience, functional capacity, and medical conditions – including his fear of interacting with people – there are significant numbers of medium, light, and sedentary jobs in the national economy that Plaintiff could perform.

Second, Plaintiff argues that the Magistrate Judge erred in failing to address the argument that the Administrative Law Judge ("ALJ") made a faulty credibility assessment. In fact, the Magistrate Judge did address the claim of credibility, noting that the ALJ observed Plaintiff's demeanor and testimony first-hand, which is entitled to "great weight." *Shivley v. Heckler,* 739 F.2d 987, 989 (4th Cir. 1984). The ALJ had the time and opportunity to observe Plaintiff, ask him questions, and observe his responses. Based on his observations, the ALJ found that Plaintiff was not credible. The Court has compared the record with the ALJ's decision and it is clear that he properly considered all of the evidence in the case. The Court finds no merit to this argument.

Accordingly, based upon a review of the entire record and the ALJ's decision, the Court finds it is supported by substantial evidence. Therefore, the Court **DENIES** Plaintiff's objections, and **ACCEPTS** and **INCORPORATES** the Findings and Recommendation of the Magistrate Judge, which **DENIES** Plaintiff's motion for judgment on the pleadings, **GRANTS** the like motion of Defendant, and **AFFIRMS** the decision of the Commissioner.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Taylor, counsel of record, and any unrepresented parties.

DATE: August 11, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE